UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| DeQUAN ONEAL BADON, # 502613, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-496 |
| | ) | |
| v. | ) | Honorable Robert J. Jonker |
| | ) | |
| C. ROBIN, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff is an inmate at the Richard A. Handlon Correctional Facility (MTU), located in Ionia, Michigan. He filed a complaint on May 23, 2007, naming Nurse "C. Robin" and a "Dr. Rhoar" as defendants. Plaintiff alleges that on October 12, 2005, a Dr. Rhoar discontinued plaintiff's prescription for an unspecified "heart medication," and that Nurse C. Robin has answered plaintiff's grievances. Plaintiff alleges that defendants refuse to provide him with this unspecified unspecified medication. (Complaint, ¶ IV). Plaintiff seeks an award of monetary damages and injunctive relief.

On April 25, 2008, defendant Robin Miller, R.N. (identified in the complaint as "C. Robin," filed a motion for summary judgment based on the affirmative defense of plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). (docket # 20). On April 28, 2008, the court entered an order notifying plaintiff of his opportunity to submit affidavits, documents, or other materials in opposition to defendant Miller's motion on or before May 26, 2008. (docket # 23). Plaintiff elected not to file a response to defendant's motion for summary judgment.

For the reasons set forth herein, I recommend that defendant Miller's motion for summary judgment be granted, and that judgment be entered in her favor. I further recommend that all plaintiff's claims against defendant Dr. Rhoar be dismissed without prejudice for failure to achieve service of process under Rule 4(m) of the Federal Rules of Civil Procedure.

## Applicable Standards

### A. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *S.S. v. Eastern Ky. Univ.*, 532 F.3d 455, 452 (6th Cir. 2008). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows

that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where, however, a moving party with the burden of proof seeks summary judgment, she faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). As shown above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- [her] showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000))*; Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). This higher standard applies because lack of exhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense.

**B.     Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies**

Defendant Robin Miller has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 219-20 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and [] inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 219-20. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly

exhausted" for purposes of filing a § 1983 action in federal court. *Id.* at 90-93; *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective December 19, 2003),[1] sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. (*See* docket # 21, Ex. B-2). Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). Thus, where an individual is not named in the Step I grievance, or his involvement in the issue being grieved is not indicated, or the individual is mentioned for the first time during an appeal of a denial of a grievance, the claims against that individual are not properly exhausted. *See Davis v. Straub*, No. 1:07-cv-156, 2008 WL 696603, at * 5 (W.D. Mich. Mar. 13, 2008).

The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y. If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business

---

[1]On July 9, 2007, the MDOC amended Policy Directive 03.02.130. However, the 2003 version of the policy directive was in effect at all times relevant to plaintiff's claims.

days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy. The Regional Health Administrator or his designee is the Step II respondent in grievances alleging inadequate medical care. *Id.* at ¶ FF. If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the Step III respondent. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved in writing ...." *Id.*

A prisoner must pursue appeals of his grievance through Step III of the administrative process. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999) ( "[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n. 6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *Jones v. Douglas*, 108 F. App'x 254, 256 (6th Cir.2004).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff filed three grievances at MTU against Dr. Rhoar regarding the doctor's decision to discontinue a prescription: (1) MTU 06-1101-3650-12f; (2) MTU 07-01-00033-028a; (3) MTU 07-02-00184-12f. (Elaine Lake Aff. ¶ 4 and attached exhibits, docket # 21). Plaintiff did not file any grievances against Nurse Robin Miller. Miller was the author of the Step I responses to grievances MTU 06-1101-3650-12f and MTU 07-02-00184-12f. These Step I grievance responses describe plaintiff's abuse of medication in October 2006 that resulted in the doctor's decision to terminate plaintiff's prescription.

Plaintiff did not pursue any grievance through Step III of the grievance process. (James Armstrong Aff. ¶ 11, docket # 21). He filed this lawsuit on May 23, 2007.

**Discussion**

**I.    Robin Miller, R.N.**

Defendant Miller seeks summary judgment based on the affirmative defense of plaintiff's failure to properly exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a). "Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.* in 1996 in the wake of a sharp rise in prisoner litigation in the federal courts. The PLRA contains a variety of provisions designed to bring this litigation under control . . . . A centerpiece of the PLRA's effort 'to reduce the quantity . . . of prisoner suits' is an 'invigorated' exhaustion provision, § 1997e(a)." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The exhaustion provision of the PLRA states: 'No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail,

prison or other correctional facility until such administrative remedies as are available are exhausted.'" *Jones v. Bock*, 549 U.S. 199, 204 (2007) (quoting 42 U.S.C. § 1997e(a)).

The record before the court establishes beyond genuine issue that plaintiff did not properly exhaust his administrative remedies on any claim against defendant Robin Miller. Plaintiff did not file any grievance against Nurse Miller, and he did not pursue the denial of such a grievance through Step III of the grievance process before filing this lawsuit. Defendant has therefore established her affirmative defense.

### II. Dr. Rhoar

Plaintiff filed this lawsuit on May 23, 2007. Dr. Rhoar has never been served with process or otherwise appeared during the twenty months this lawsuit has been pending. Accordingly, I recommend that all plaintiff's claims against defendant Dr. Rhoar be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure for failure to achieve service within 120 days after his filing of the complaint. *See* FED. R. CIV. P. 4(m). This report and recommendation serves as plaintiff's notice of impending dismissal. *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *accord Reynosa v. Schultz*, 282 F. App'x 386, 393-94 (6th Cir. 2008).

### **Recommended Disposition**

For the reasons set forth herein, I recommend that all plaintiff's claims against Dr. Rhoar be dismissed without prejudice for failure to achieve service under Rule 4(m) of the Federal Rules of Civil Procedure. I further recommend that defendant Robin Miller's motion for summary

judgment (docket # 20) be granted, and that judgment be entered in her favor on all plaintiff's claims.


Dated:   January 21, 2009          /s/  Joseph G. Scoville
                                   United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).